UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JON LINCOLN DOSER,

                            Plaintiff,

                 v.

ANDREW SAUL,
Commissioner of Social Security,

                            Defendant.
_____

<u>DECISION AND ORDER</u>

19-CV-6654L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On January 8, 2016, plaintiff filed an application for a period of disability and disability insurance benefits, alleging an inability to work since December 21, 2015. His application was initially denied. Plaintiff requested a hearing, which was held on June 28, 2018 before Administrative Law Judge ("ALJ") Brian Kane. (Administrative Transcript, Dkt. #5 at 12). The ALJ issued a decision on July 18, 2018, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #5 at 12-20). That decision became the final decision of the Commissioner when the Appeals Council denied review on July 15, 2019. (Dkt. #5 at 1-3). Plaintiff now appeals.

The plaintiff has moved to remand the matter for the calculation and payment of benefits, or in the alternative for further proceedings (Dkt. #8), and the Commissioner has cross moved for judgment on the pleadings (Dkt. #11), pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set

forth below, the plaintiff's motion to remand is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

### I.     Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

### II.    The ALJ's Decision

Here, the ALJ found that the plaintiff – 62 years old on the alleged disability onset date, with a consistent work history from at least 1989 through 2015 – had severe impairments, consisting of low back disorder and mild neurocognitive disorder, which did not meet or equal a listed impairment.

In applying the special technique for mental disorders, the ALJ found that plaintiff is moderately limited in understanding, remembering or applying information, unlimited in social interaction, mildly limited in concentration, persistence, and pace, and unlimited in adapting and managing himself. (Dkt. #5 at 15-16).

After summarizing the evidence of record, the ALJ determined that plaintiff retains the residual functional capacity ("RFC") to perform the full range of work at the medium exertional level, with no limitations. (Dkt. #5 at 16). He therefore applied the Medical-Vocational Guidelines to find plaintiff "not disabled."

### III.    The Medical Opinions of Record

The ALJ's decision summarizes the three medical opinions of record and makes findings as to the weight due to two of them, but the ALJ ultimately opted to reject nearly all of the limitations opined by each of the medical sources. Upon review, I find that the ALJ's rejection of all of the medical opinion evidence of record was not sufficiently supported or explained, and created a gap in the record that deprives the ALJ's decision of substantial evidentiary support. Therefore, the matter must be remanded for the purpose of reassessing the medical opinions and/or completing the record by obtaining additional medical opinion evidence.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). The record in this case contained treatment records establishing both plaintiff's history of lumbar spinal pain, treated with surgery, and his cognitive impairment, which included memory loss and episodes of confusion which began in or around 2008, and were attributed by at least one physician to a traumatic brain injury plaintiff suffered in or around 2000. (Dkt. #5 at 17). In light of these diagnoses, which the ALJ found to be "severe impairments," a thorough assessment and understanding of plaintiff's cognitive and physical limitations was necessary in order to reach a disability determination supported by substantial evidence.

In assessing the medical opinions of record, an ALJ is required to consider the factors specified by 20 C.F.R. §404.1527, which include: (1) the nature of the physician's relationship to the claimant – treating, examining, etc.; (2) the supportability of the opinion; (3) the consistency of the opinion with other evidence of record; (4) the physician's area of specialty, if any; and (5) other relevant factors. *Id.*

On October 3, 2016, examining neuropsychologist Dr. Krista M. Damann administered some 20 objective tests measuring plaintiff's memory and cognitive function over a four-hour session, and exhaustively compared them with prior cognitive testing from 2008 and 2009. (Dkt. #5 at 289-302). Dr. Damann's detailed fourteen-page report noted a worsening of plaintiff's complex attention and memory skills, identifying multiple areas where plaintiff's score fell more than 2 standard deviations from the mean *Id*. Dr. Damann opined that plaintiff's impairments in attention and memory were likely to compromise his ability to perform his previous work as a crisis hotline telephone operator. She suggested that he should be limited to jobs that do not require him to hold much information in his short-term memory. (Dkt. #5 at 18, 293-94, 301-02). The ALJ mentioned Dr. Damann's opinion, but did not assess it in light of the relevant factors or discuss the weight given to it. Nonetheless, the ALJ implicitly rejected it by declining to include any cognitive limitations in his RFC finding.

On April 26, 2016, plaintiff was examined by consulting psychologist Dr. Adam Brownfeld. (Dkt. #5 at 278-81). Dr. Brownfeld found that plaintiff's recent and remote memory skills were "impaired." He assessed mild-to-moderate limitations in maintaining attention and concentration, maintaining a regular schedule, learning new tasks, and performing new tasks independently. *Id*.

The ALJ stated that he afforded "some" weight to Dr. Brownfeld, but his RFC finding did not include any of the limitations Dr. Brownfeld identified. The ALJ's stated reasoning was that such cognitive limitations were inconsistent with plaintiff's self-reported ability to cook, care for his grandchildren, and keep a schedule, and with Dr. Brownfeld's observation that plaintiff's attention and concentration were "intact" during his examination, because plaintiff could do simple math calculations and count backwards in increments of three. (Dkt. #5 at 18).

4

The ALJ likewise gave "little" weight to the opinion of consulting internist Dr. Harbinder Toor, who examined plaintiff on April 26, 2016. Dr. Toor found sight loss in plaintiff's right eye, reduced squat and reduced range of motion in plaintiff's lumbar spine and shoulders, and positive straight leg raising tests. He opined that plaintiff had a moderate limitation for standing, walking and sitting, a moderate-to-marked limitation for bending or heavy lifting, a mild limitation on pushing, pulling, and reaching, and a moderate limitation in performing a daily routine which requires fine visual acuity. (Dkt. #5 at 285-86). The ALJ dismissed these limitations as "inconsistent with the claimant's reported daily activities, as well as the medical records that show no physical complaints, treatment or limitations since the alleged onset date." (Dkt# 5 at 180.)

Initially, the reasons specified by the ALJ for affording "some" or "little" weight to the medical opinions of record were insufficient. In finding that none of the limitations opined by Dr. Brownfeld were worthy of crediting, the ALJ seemingly contradicted his own finding that plaintiff had "moderate" limitations in understanding, remembering and applying information, and failed to reconcile conflicting evidence, such as plaintiff's treatment records showing repeated complaints about issues with memory and focus, as well as Dr. Damann's opinion and objective neurocognitive testing that showed deficits in precisely the areas for which Dr. Brownfeld listed limitations.

Furthermore, plaintiff's ability to occasionally care for his grandchildren (which he testified he does with his wife's help, for just 90 minutes a week) or perform other simple activities such as cooking, are not inconsistent with the limitations described by Dr. Brownfeld. Indeed, the record demonstrated that plaintiff's ability to perform activities such as childcare is hampered by his cognitive impairment: plaintiff reported to his primary care physician that he was worried about his escalating memory issues, which had caused him to get lost while attempting to drive his

grandchildren to the local zoo (Dkt. #5 at 381), and prevented him from safely continuing his prior work for the Veterans Administration as an emergency hotline operator and psychiatric aide, a job which involved administering medications to patients.

In short, the ALJ's finding that plaintiff's well-documented neurocognitive issues and short-term memory loss caused no limitations on his ability to perform any of the mental requirements of work (despite constituting a severe impairment which caused moderate limitations in understanding, remembering and applying information, by the ALJ's own reckoning) is unsupported, and runs contrary to plaintiff's relevant treatment records, self-reports to physicians, the results of objective cognitive testing, and medical opinion evidence. Remand is necessary for the ALJ to reassess plaintiff's nonexertional limitations.

With respect to plaintiff's exertional limitations, the ALJ's lay interpretation of plaintiff's ability to perform housework or childcare – activities which plaintiff had also reported to Dr. Toor, who nonetheless opined multiple exertional and postural limitations – is not an adequate substitute for Dr. Toor's competent medical opinion, which was based on an objective in-person physical examination which included abnormal objective findings. Nor did the ALJ discuss or reconcile evidence which supported Dr. Toor's opinion and conflicted with the ALJ's RFC finding, including a treatment note notation by plaintiff's treating internist, Dr. Maureen Dlugozima, that cleared plaintiff on May 12, 2016 for Hospice volunteer work with a restriction of "no driving anyone [due to prior brain injury,] and no lifting over 40 pounds due to chronic back issues." (Dkt. #5 at 384). Remand is necessary in order for the ALJ to reassess plaintiff's exertional and/or postural limitations.

Furthermore, even assuming *arguendo* that the ALJ properly assessed the medical opinion evidence in opting to reject nearly all of the exertional and nonexertional limitations specified

therein, the rejection of those opinions created a gap in the record. In that event, the ALJ "should have sought a conclusive determination from a medical consultant" who was able to review the record and perform an in-person evaluation of plaintiff's mental and physical RFC. *Falcon v. Apfel*, 88 F. Supp. 2d 87, 90 (W.D.N.Y. 2000). *See generally* 20 C.F.R. §404.1519a(b)(4) (an ALJ must order a consultative examination when a "conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved"). The gap is particularly glaring with respect to plaintiff's exertional RFC, since with the exception of Dr. Dlugozima's 40-pound weight lifting restriction, no medical source ever provided specific, objective numeric assessments with respect to plaintiff's eyesight, or his ability to lift weight, sit or stand for certain periods of time, walk particular distances, perform postural activities, etc.

Failure to complete the record, and/or the failure to support an RFC determination with substantial evidence rather than with the ALJ's speculative interpretation of raw medical evidence or a claimant's ability to perform a few select activities of daily living, is reversible error: remand for further consideration and/or development of the record is therefore appropriate here. *See Falcon*, 88 F. Supp. 2d 87 at 90. *See generally Aurilio v. Berryhill*, 2019 U.S. Dist. LEXIS 157839 at *23 (D. Conn. 2019)(where ALJ rejects all medical opinions in the record, an evidentiary gap is created); *Smith v. Commissioner*, 337 F. Supp. 3d 216, 226 (W.D.N.Y. 2018)(where the ALJ rejects all medical opinion evidence and the record "does not contain a useful assessment of [p]laintiff's limitations," remand for development of the record is appropriate).

Nor can the these errors be said to be harmless. Given that plaintiff was 62 as of the alleged onset date, a limitation to anything less than medium work (e.g., advanced age, high school or greater education, prior work skills not transferable, limited to light or sedentary work), would result in a finding of "disabled" by operation of the Medical-Vocational Guidelines.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. #8) for remand is granted, and the Commissioner's cross-motion (Dkt. #11) is denied.

The Commissioner's decision that plaintiff was not disabled is reversed, and the matter is remanded for further proceedings. Upon remand, the ALJ is instructed to review all of the medical opinions (including Dr. Damann's opinion and Dr. Dlugozima's return-to-work authorization) and objective testing evidence of record, applying the relevant factors and giving detailed reasons for the weight given to each. In the event the ALJ does not credit the limitations described therein, the ALJ should request RFC reports (and, to the extent he deems necessary, updated treatment records) from plaintiff's treating source(s), and/or to order consultative examinations, sufficient to permit the redetermination of plaintiff's RFC and disability status upon a full and complete record.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 5, 2020.

8